

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DASHOWN RAYMOND KEYS,<br><br>Defendant. | 1:16-CR-10017-CBK<br><br><br><br>ORDER |

Defendant was convicted of four counts of aggravated sexual abuse of a child and two counts of abusive sexual contact of a child. He was sentenced to a total sentence of 540 months imprisonment on May 14, 2018. He appealed his convictions and sentence and the United States Court of Appeals for the Eighth Circuit affirmed. United States v. Keys, 918 F.3d 982 (8th Cir. March 22, 2019).

Defendant has filed a motion for discovery materials to support a claim under 28 U.S.C. § 2255. The United States Supreme Court set forth the history of the discovery rule applicable to federal defendants seeking documents in support of motions to vacate:

> A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. Thus, in Harris v. Nelson, 394 U.S. 286, 295, 89 S.Ct. 1082, 1088-1089, 22 L.Ed.2d 281 (1969), we concluded that the broad discovery provisions of the Federal Rules of Civil Procedure did not apply in habeas proceedings. We held, however, that the All Writs Act, 28 U.S.C. § 1651, gave federal courts the power to fashion appropriate modes of procedure, including discovery, to dispose of habeas petitions as law and justice require. We then recommended that the rule-making machinery be invoked to formulate rules of practice with respect to federal habeas corpus proceedings. Accordingly, in 1976, we promulgated and Congress adopted the Rules Governing § 2254 [and § 2255] Cases.

Bracy v. Gramley, 520 U.S. 899, 904, 117 S. Ct. 1793, 1796–97, 138 L. Ed. 2d 97 (1997) (cleaned up).

Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts now provides, in part, that a district judge "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in

accordance with the practices and principles of law." "In the absence of a showing of good cause for discovery, the district court [acts] within its discretion in denying [a] request for production of documents." Smith v. United States, 618 F.2d 507, 509 (8th Cir. 1980) (*citing* Rule 6).

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." No motion to vacate under § 2255 is pending so the requested documents are not relevant to any pending claim.

Defendant's discovery request is a blanket request for evidence, some of which has no connection to his case. For example, he requests a copy of any evidence log and reports concerning any weapon used, taken, or found in relation to his case. There was no evidence submitted at trial of any weapon associated with defendant's crimes nor was there any mention of a weapon in the presentence report. A weapon was never an issue in his case. Defendant further requests any tests results, including DNA results, which link the defendant to the crime or crime scene. No such evidence was ever submitted or mentioned in this case, other than the government's proposed exhibit showing one of the victim's DNA parentage for the purpose of establishing her status as an Indian and thus this Court's jurisdiction over the crimes charged concerning that victim. No such evidence was necessary since the defendant stipulated to the victims' status as Indians. Defendant also requests videos or pictures linking him to the crime scene or committing any crime. This was a case of aggravated sexual abuse and abusive sexual contact involving two victims over the course of two years. The alleged abuse occurred in a bedroom defendant shared every day with one victim and occasionally with the other victim. There was no evidence that pictures or videos existed which were relevant to whether the defendant committed the crimes charged. Defendant has not set forth any good cause for his broad discovery request. He has not raised any specific allegations which would show that he may, if the facts are fully developed, be able to demonstrate that he is entitled to relief under § 2255. *See* Bracy v. Gramley, 520 U.S. at 908-09, 117 S.Ct. at 1799.

Defendant requests that both defense counsel and the government be ordered to produce "any and all information regarding the case," including statements, reports or interviews "by any person" accusing the defendant of a crime. He also seeks NCIC (National Crime Information Center) records showing criminal history of the accusers and witnesses. He seeks all of the

2

above information "for the purposes of review and support of the Defendants (sic) facts being alleged in the proceeding (sic) § 2255 action."

Defendant has not filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Defendant's criminal case is closed. Therefore, this Court has no jurisdiction to grant the defendant's motion. United States v. Gleason, 753 F.2d 83, 85 (8th Cir. 1985). "Once a judgment of conviction has been entered, a prison sentence has been imposed and the defendant has begun the service of his term, jurisdiction of the court over the defendant and the criminal proceedings comes to an end except for such remedies as may be provided by the Federal Rules of Criminal Procedure, 28 U.S.C. § 2255, or the all-writs section, 28 U.S.C. § 1651." United States v. Gernie, 228 F.Supp. 329, 332 (S.D.N.Y. 1964). *Accord*, United States v. Garcia-Herrera, 894 F.3d 1219, 1220 (10th Cir. 2018) (district court has no jurisdiction to grant post-conviction motion for discovery), United States v. Wahi, 850 F.3d 296, 299 (7th Cir. 2017) (the district court's statutory criminal jurisdiction does not extend beyond the entry of final judgment), and United States v. Asakevich, 810 F.3d 418, 420 (6th Cir. 2016) (following entry of a final criminal judgment, district court has no authority to entertain a request for relief in support of a § 2255 motion [in this case a motion for extension of time to file] prior to commencement of an independent collateral proceeding).

Defendant's attorney was appointed and fees were paid pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A. His appointment has ended and he is not entitled to bill for services, including costs of copies. Therefore, he is under no obligation to provide anything to the defendant. The government is likewise under no obligation to provide anything to defendant.

Now, therefore,

IT IS ORDERED that defendant's motion, Doc. 161, for discovery is denied.

DATED this /31st day of August, 2019.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge

3