UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KEYSHIA PROMISE HADAWAY<br><br>Defendant. | 1:16-CR-10017-CBK<br><br><br>ORDER |

Defendant was convicted by a jury of four counts of aggravated sexual abuse of a child, and two counts of abusive sexual contact of a child in Indian country. Doc. 140. She was sentenced to a total term of 540 months on each count, all to run concurrently. Id. Her convictions were affirmed by the United States Court of Appeals for the Eighth Circuit. United States v. Keys, 918 F.3d 982 (8th Cir. 2019). Defendant has filed a motion for compassionate release. Doc. 167. The Bureau of Prisons ("BOP") has calculated defendants current release date as September 28, 2054. https://www.bop.gov/inmateloc, last visited August 6, 2024.

The Sentencing Reform Act of 1984, Pub. L. 98-473, Title II, § 212, authorized, *inter alia*, the district court, upon motion of the Director of the BOP, to reduce a prison term after considering the factors set forth in 18 U.S.C. § 3553(a), "if it finds that extraordinary and compelling reasons warrant such a reduction and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission issued Guidelines § 1B1.13 setting forth the Commission's policy statement on compassionate release, which were consistent with § 3582(c).

Pursuant to the First Step Act of 2018, the district court is now authorized to grant compassionate release upon motion of a defendant after the exhaustion of administrative

remedies. Pub. L. 115-391, § 603(b), 18 U.S.C. § 3582(c)(1)(A). In evaluating a request for compassionate release, the Court may not reduce defendant's sentence of imprisonment unless it finds that an,

(1)     (a) extraordinary and compelling reasons warrant such a reduction,

or

       (b) the defendant is at least 70 years of age and has served at least 30 years in prison for the offense or offenses for which the defendant is currently imprisoned

and

(2)     the defendant is not a danger to the safety of any other person or the community.

18 U.S.C. § 3582(c)(1)(A), U.S.S.G. § 1B1.13.

Defendant requests compassionate release based upon her medical conditions, risks from feminizing treatment, and complications from COVID-19 among other health concerns, along with a hostile prison environment, her age at the time of the crime, and alleged disparate sentencing. Doc. 167, 185. Defendant argues that these factors amount to an extraordinary and compelling reason for compassionate release. Id. Defendant also states she is rehabilitated, understands the gravity of the harm she caused and is no longer a danger to the community. Id. Defendant requests she be resentenced to time served, around six years, and proposes she be released to reside with her mother in Milwaukee, Wisconsin. Doc. 185.

    I.     Extraordinary and Compelling Reason for Compassionate Release

Defendant specifically states that her circumstances are extraordinary and compelling because 1) she is suffering a serious medical condition and not being provided the medical care she needs (U.S.S.G. §§ 1B1.13(b)(1)(i), (b)(1)(C)); 2) she faces harassment and fear of sexual assault by other inmates and prison staff, U.S.S.G. § 1B1.13(b)(4); and the factors together amount to an extraordinary and compelling reason under the "other reasons" for release, U.S.S.G. §§ 1B1.13(b)(5).

Defendant states the medical ailments she suffers from are potential side effects of her feminization therapy that can be exacerbated if she were to contract COVID-19, and her stage two kidney disease. Doc. 167, 185. Chief Judge Lange has observed:

> There can be no doubt that the effects of the global COVID-19 pandemic are extraordinary, and that the disease in some situations may be an "other reason" to grant compassionate release under § 1B1.13 comment note (D). The illness and the potential for its spread has affected the daily life of nearly every American citizen and has resulted in massive disruptions to the economy. Despite these drastic effects, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." The question becomes whether [defendant's] medical conditions . . . combined with the crowded conditions of confinement justify compassionate release.

United States v. Frost, 2020 WL 3869294, at *4 (D.S.D. July 9, 2020) *citing* United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Defendant has only claimed what the potential side effects of undergoing feminization therapy are, not that she has experienced those side effects. Doc. 167. While one of the potential side effects of feminization therapy paired with COVID-19 might cause serious health issues, defendant is not alleging she is experiencing such health issues; only that it is possible. The record also indicates that defendant has received three doses of the COVID-19 vaccination, and therefore has access to protection from COVID-19 while in prison. Doc. 169 at 106. When considered with crowded conditions, defendant's potential to experience medical complications is not an extraordinary and compelling reason for release.

Defendant's remaining medical concern which she contends justifies compassionate release relates to her stage two kidney disease, and frequent urinary track infections. Doc. 167, 185. The United States Sentencing Commission promulgated the

3

following guidelines when considering compassionate release based on medical conditions,

> (A) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is—
>
>> (i) suffering from a serious physical or medical condition…
>>
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. §§ 1B1.13(b)(1)(A),(B),(C). Defendant does not claim that her stage two kidney disease is terminal. Nor does defendant claim that it at all diminishes her ability to provide self-care to herself. The record shows that defendant seeks care as necessary and can get her prescriptions herself from the pill line. Doc. 185. Defendant's medical record shows that she has received treatment for her two urinary tract infections and is receiving care for her kidney disease. Doc. 169. These facts show that defendant is being treated for her health issues by the BOP. Conditions that can be managed in prison are not a sufficient basis for compassionate release. United States v. Hogdin, 2021 WL 928179, *4 (D.S.D. March 11, 2021). The record shows that, at this time, defendant's kidney disease does not amount to an extraordinary and compelling reason for compassionate release, as set forth in the guidelines.

4

Defendant's remaining medical ailments of migraines, dental cavities, hemorrhoids, dermatitis, body weight, and food allergies are clearly not ailments considered by the guidelines, common sense, or this Court to be grounds for compassionate release. For the foregoing reasons I find defendant's medical conditions do not create an extraordinary and compelling reason to justify compassionate release.

Defendant also argues the harassment and threats of assault she receives for being a transgendered woman in a male prison constitute an extraordinary and compelling reason for compassionate release. Doc. 167, 185.

United States Sentencing Guideline §1B1.13(b)(4) allows compassionate release, or a reduction in sentence, for defendants who are the victims of sexual abuse or a physical abuse resulting in serious bodily injury, ". . . that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant." U.S.S.G. § 1B1.13(b)(4). "[T]he misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed, or the defendant is in imminent danger." Id.

Defendant does not claim that she has been the victim of sexual abuse or physical abuse and has not claimed that such misconduct was perpetrated by someone employed by the BOP. Doc. 167, 185. Therefore, defendant's pleadings of harassment and threats do not amount to an extraordinary and compelling reason as set forth by the U.S.S.G. That said, the Court is sympathetic to the difficulties of prison life and notes that Congress has sought to address the issue of sexual assault in prison with the Prison Rape Elimination Act (PREA), passed in 2003. Additionally, last month President Joseph R. Biden signed the Federal Prison Oversight Act to curb sexual assault, criminal misconduct by staff, understaffing, escapes, and high-profile deaths in federal prisons. Pub. L. 118-71, H.R. 3019. The Oversight Act directs the Department of Justice to create an ombudsman to receive complaints from inmates, and conduct follow up investigations concerning inmates' health, safety, welfare, and rights while incarcerated. Id. The issues

defendant alleges, while not grounds for compassionate release, are serious problems that are being addressed or will be addressed.

Finally, defendant argues that their cumulative circumstances amount to an extraordinary and compelling reason under USSG § U.S.S.G. § 1B1.13(b)(5), which states an extraordinary and compelling reason may exist if,

> [t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

U.S.S.G. § 1B1.13(b)(5). This Court has already discussed U.S.S.G. § 1B1.13(b)(1) and (4). The remaining guidelines this Court has not addressed are U.S.S.G. § 1B1.13(b)(2)[1] and (3)[2], which considers the age of the defendant, and the defendant's family circumstances, respectively. The record shows the defendant does not qualify for either of these guidelines; she is not at least 65 years old, and is not the only caregiver for a family member. While defendant's kidney disease, and threats of assault are concerning, as previously discussed, they are not of a similar gravity as considered by the guidelines in U.S.S.G. § 1B1.13(b)(1)-(4) to justify compassionate release.

The last circumstances raised by defendant as justification for compassionate release to consider are the length of her sentence, and her age when she committed the offenses. Defendant has already challenged the length of her sentence on appeal, and the Eighth Circuit affirmed the sentence I imposed of 540 months. Doc. 157, United States v. Dashown Raymond Keys, 918 F.3d 982 (8th Cir. 2019). Additionally, U.S.S.G. § 1B1.13(b)(6) states that an unusually long sentence cannot be challenged until at least 10 years of the sentence has been served. U.S.S.G. § 1B1.13(b)(6). Defendant has only served six years. The defendant also invites the Court to consider an upcoming amendment to the U.S.S.G. allowing for a downward departure due to a defendant's

---

[1] An extraordinary and compelling reason exists if, "[t]he defendant (A) is at leas 65 years old..."
[2] In short, an extraordinary and compelling reason exists if an immediate family member, such as a child, spouse, parent, or equivalent relationship, becomes incapacitated and defendant would be the only available caregiver.

6

young age at the time of the offence when determining sentencing, citing U.S.S.G. § 1B1.13(c). I decline such an invitation. I considered all necessary factors when I initially sentenced defendant to 540 months.

For the foregoing reasons, I do not find an extraordinary and compelling reason exists to grant compassionate release to defendant.

II.     Danger to the Safety of the Community

Alternatively, under 18 U.S.C. § 3582(c)(1)(A) if I do not find an extraordinary and compelling reason exists to grant compassionate release, I may grant compassionate release if,

>  …
>
>  (b) the defendant is at least 70 years of age and has served at least 30 years in prison for the offense or offenses for which the defendant is currently imprisoned
>
>  and
>
>  (2)     the defendant is not a danger to the safety of any other person or the community.

18 U.S.C. § 3582(c)(1)(A). Defendant is clearly not 70 years old and has not served 30 years in prison. I also find defendant is still a danger to the safety of the community. She is a dangerous individual. I was the trial judge. Defendant was convicted of four counts of aggravated sexual abuse of a child and two counts of abusive sexual contact of a child. Doc. 140. Defendant sexually abused two minors over the course of two years. Doc. 136, ¶3. Defendant has so far only served six years of a 45-year sentence. Releasing or lowering defendant's sentence would not serve the interests in protecting the public and affording just punishment to the defendant for her offense conduct. Finally, since being imprisoned the defendant has lost 27 days of good time credit for fighting while in prison. Doc. 187, Doc. 190. Therefore, defendant is still a danger to the community.

Defendant "bears the burden to establish that compassionate release is warranted." United States v. Avalos Banderas, 39 F.4th 1059, 1062 (8th Cir. 2022). I find that compassionate release is not warranted in this case because 1) there is no extraordinary and compelling reason for release, and 2) defendant is not 70 years old, has not served 30 years, and is still a danger to others.

## ORDER

IT IS ORDERED that defendant's motion, Doc. 167, for compassionate release is denied.

DATED this 6th day of August, 2024.

BY THE COURT:

*[signature]*

CHARLES B. KORNMANN
United States District Judge